# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-653

**STATE IN THE INTEREST OF V.B., A.B., P.B.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 2462
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED.**

**Hon. Don M. Burkett**
**District Attorney**
**Anna L. Garcie - Assistant District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**Counsel for Appellee:**
**State of Louisiana**

**William Daniel Dyess**
**Dyess Law Firm, LLC**
**P. O. Drawer 420**
**Many, LA 71449**
**(318) 256-5667**
**Counsel for Appellant:**
**M. B.**

**Brian Clayton McRae**
**Attorney at Law**
**111 N. Washington Ave.**
**Mansfield, LA 71052**
**(318) 872-6250**
**Counsel for Appellee:**
**V. B.**
**P. B.**
**A. B.**

**D. Scott Kendrick**
**Attorney at Law**
**1762 Texas St.**
**Natchitoches, LA 71457**
**(318) 354-9146**
**Counsel for Appellee:**
**R. B.**

**SAUNDERS, Judge.**

This is a juvenile proceeding where the sole issue is custody of the couple's three children. After the children were adjudicated as children in need of care in accordance with La.Ch.Code art. 666, following the subsequent permanency hearing, the father was granted sole custody, with supervised visitation given to the mother.

The mother appealed this decision, alleging one assignment of error. We find no error by the trial court, and therefore, affirm.

**FACTS AND PROCEDURAL HISTORY:**

M.B. (Appellant) was married to R.B., and the couple had three children: V.B., A.B., and P.B. This case originated as a result of a filing by the Department of Social Services, Office of Community Services (OCS) due to a complaint that the children were being neglected and an allegation that Appellant was mentally unstable and using crack cocaine. The couple had a history of marital problems, including allegations of domestic violence perpetrated by both Appellant and R.B. The children were adjudicated as children in need of care and were taken into protective custody by the OCS on March 7, 2008.

Appellant was committed into the behavioral unit at Willis Knighton Hospital in Shreveport on March 11, 2008. She was released seventy-two hours later. R.B. denied any domestic violence towards Appellant, claiming that any physical action against her was in self-defense. R.B. then completed two counseling stints, one to deal with anger management, and another to improve his parenting skills.

At the permanency hearing on March 7, 2009, after hearing reports regarding the couple's progress, and, *inter alia*, testimony from the parties and two of their three children, the trial court granted sole custody to R.B. with visitation to Appellant to be supervised by Appellant's mother.

Appellant has appealed this judgment by the trial court, alleging the following single assignment of error:

**ASSIGNMENT OF ERROR:**

1. The trial court erred in awarding sole care and custody of the minor children to R.B. with supervised visitation to Appellant.

**DISCUSSION OF THE MERITS:**

Appellant argues that the trial court erred in awarding sole care and custody of the minor children to R.B. with supervised visitation to her. We find no merit in this argument.

> The court's determination in custody cases is entitled to great weight. Its decision is accorded much discretion and will not be reversed on appeal except in the clearest case of abuse of such discretion. In determining custody, the best interest of the child is paramount. The juvenile court must weigh the evidence to make its determination.

*In Interest of Weaver*, 430 So.2d 324, 326 (La.App. 3 Cir. 1983).

Appellant contends that the trial court erred in failing to abide by the established presumption of La.Civ.Code arts. 132 and 134 and La.R.S. 9:335(A)(2)(b) that joint custody is the preferred method of resolving custody disputes, as it is necessary that there be clear and convincing evidence that must be produced to award sole custody to one parent. This argument is misguided.

The children in the case before us were already adjudicated as children in need of care in accordance with La.Ch.Code art. 666. As such, when the trial court awarded sole custody to R.B., it did so at the conclusion of a permanence hearing under La.Ch.Code art. 681(A)(1), which reads as follows:

> A. In a case in which a child has been adjudicated to be in need of care, the child's health and safety shall be the paramount concern, and the court may:
>
> (1) Place the child in the custody of a parent or such other suitable

2

person on such terms and conditions as deemed in the best interest of the child including but not limited to the issuance of a protective order pursuant to [Louisiana Children's Code] Article 618.

Therefore, in the case before us no presumption exists that joint custody was the preferred placement of the children. Rather, we must merely find that the trial court did not abuse its vast discretion in resolving these matters, as "the trier of fact . . . is not disadvantaged by the review of a cold record and . . . is in a superior position to observe the nuances of demeanor evidence not revealed in a record." *Adkins v. Huckabay*, 99-3605, p. 15 (La. 2/25/00), 755 So.2d 206, 215.

The record before us indicates that Appellant had a history of both prescription and illegal drug use. Although Appellant may have possessed prescriptions for the drugs she continued to test positive for, the level of those drugs appearing in her system suggested that Appellant continued abuse those prescription drugs.

Further, the record evidences that R.B. was suitable for effective parenting of the couple's children. Ms. Marie Loftin, the foster care worker assigned to the case for Natchitoches OCS, provided evidence of the suitability of Appellant and R.B. when she stated at the permanency hearing:

> As [Appellant] began to comply [with an intensive substance abuse treatment], she was not consistent with her attendance and she continued to test positive for prescription drugs in her system that based on what her doctor - - the information that the doctor had given us, she should not have tested positive for those drugs had she been taking them as they were prescribed.
>
> . . . .
>
> [R.B.] completed parenting and anger management classes with merit . . . [W]e re-referred [R.B] to Carol Jannick for judgment and insight counseling . . . . [R.B.'s] final report from Dr. Jannick said that he could effectively parent his children and use good judgment in dealing with [Appellant]. It has been this agency's recommendation that [R.B.] receive custody of his children as a permanent plan for the children and

3

that [Appellant] has visitation.

Josie Hamilton, a licenced addiction counselor and supervisor for the Natchitoches Center for Addictive Disorders, treated Appellant. She corroborated Ms. Loftin's report regarding Appellant by testifying to the following:

Q      In your opinion, would [Appellant] be a good candidate to maintain her sobriety?

A      She's not maintaining her sobriety as far as our agency is concerned because she's continued to test positive for medicine which we don't know what doctors are prescribing to her because she refuses to sign a release. Also there was a time when she never could tell me where the medicine came from. She . . . gave me the medicine she was taking, not the bottles, but she couldn't tell me who prescribed them or where she got them back in August.

Dr. Carol Jannick, a licenced professional counselor with a PhD in counseling psychology also corroborated Ms. Loftin's testimony. Dr. Jannick stated:

Q      Do you believe that [R.B.] has the parenting skills and abilities necessary to have these children come in his life and be a good custodial parent?

A      Yes, he does. He does have . . . a very calm nature and that is a good thing with children. We . . . watched two videos on parenting and I recommended two books to him and he got the books and we processed one together as far as parenting strategies, how to teach children responsibility and those types of things.

Q      Do you believe that he was eager to learn and improve his parenting skills?

A      Yes. He went over . . . and above, let me tell you, most of my patients in his counseling. He was very cooperative. He didn't miss his appointments. He called in-between. He was very conscientious.

Q      Over all [sic] he seemed to be very stable?

A      Yes.

Q      He has a stable employment history, good home, kept his

4

appointments, neat appearance?

A     Yes.

Further, even from a cold record, this court can surmise that Appellant had a tendency to fail to answer the questions asked of her while testifying and generally rambled in portions of her testimony in nearly an incoherent fashion. Meanwhile, R.B.'s testimony, from the perspective of the record, was clear and concise.

Finally, it is clear that the trial court concluded that Appellant was the party whose actions were the "catalyst" of most of the trouble the family endured. In its reasons for judgment, the trial court, after apologizing to R.B. for ever granting a protective order against him, stated:

> I think that [Appellant] was out of control everything from crack to you name it and putting these kids at risk. [Appellant is] the catalyst behind all this. In my opinion, [Appellant is] the one that caused so many problems in this case. [Appellant has] been out of control. And I'm not relieving [R.B.] of some responsibility because it always takes two.

Accordingly, given the standard of review and the evidence in the record, we find no abuse of the vast discretion afforded to the trial court. These excerpts of testimony, coupled with the reasons for judgment given by the trial court, provide an overabundance of that which would be necessary for this court to find that the trial court did not abuse its discretion.

**CONCLUSION:**

Appellant raised one assignment of error. We found no abuse of discretion by the trial court. All costs of these proceedings are to be paid by Appellant.

**AFFIRMED.**

5